## ABRAHAM WRIGHT, ET AL., v. MARY BOYD.

**Title by Judicial Sale.**

Where the court has jurisdiction of the parties and the subject-matter, the purchaser of land decreed to be sold acquires the title, however erroneous the judgment may be.

**Dower.**

Where a married woman has consented upon the record by an answer sworn to and filed to take a part of the proceeds of the sale in lieu of her potential right of dower, and it is afterward decreed that she is entitled to dower, it is error for the court not to enforce the agreement; but such error cannot affect the purchaser. She is entitled out of the proceeds of such sale to receive the value of her dower.

APPEAL FROM BATH CIRCUIT COURT.

March 26, 1879.

OPINION BY JUDGE PRYOR:

In the original opinion delivered in this case it was distinctly held that Mrs. Boyd was entitled to dower in the lands in controversy, or rather that had been sold to satisfy the debts of her husband, and the case was remanded with directions to have the proper parties brought before the court and her dower assigned. The rule that such a judgment is conclusive upon the parties to the controversy, and their privies would certainly estop such parties from further litigating the questions involved in the judgment rendered, but it never applies to those who were not parties to the appeal or privies, and certainly never applies to a purchaser of the property sold by the judgment of the chancellor. So far as the purchaser is concerned, he holds under the sale made in pursuance of the judgment, and is as much a privy to the one party as the other. He acquires the title that all the parties to the record have unless the judgment is void. Where the court has jurisdiction of the parties and the subject matter the rule that the purchaser acquires title, however erroneous the judgment may be, is inexorable.

This was a proceeding originally instituted to settle the estate of Spencer Boyd and to subject certain lands devised by him to his son, Cyrus Boyd, to the payment of debts due the estate of the latter. The land having been devised to Cyrus Boyd, and he being indebted to the testator, the executor asserted a lien on the land and endeavored to maintain that the wife of Cyrus Boyd had no potential right of dower, and the court below so decided.

On an appeal to this court it was adjudged that she was entitled to dower for the reason that her husband had died after the rendition of the judgment, her claim depending alone upon her being the survivor; and that the fact of the husband's indebtedness did not affect his title acquired under the will. In rendering the opinion in that branch of the case, the court asserted her right to have dower assigned her, and that declaration is now urged as settling the rights of the purchasers. It must be conceded that the court had jurisdiction to sell the land and to determine the question of title, and the right of Mrs. Boyd to any interest in the land, either contingent or vested. The court below determined that she had no potential right of dower, and Mrs. Boyd brought the case to this court, and that was one of the errors for which it was reversed. In fact, an amended answer was filed by the appellee in the original case in February, 1868, alleging that on the 29th of March, 1866, at the in-

stance and request of the executor and others, she had filed an answer consenting to a sale on condition that she was to be provided with a house out of the value of her potential right of dower. This was no doubt the case, and she was at that time endeavoring to secure a part of the proceeds of sale, in accordance with the agreement between the parties and upon the conditions set forth in her original answer.

The original answer filed before the sale of the land was to the effect that she was willing for the whole of the land to be sold, if the value of her potential right of dower was secured. After this answer was filed the court rendered a judgment of sale, reserving the right to pass upon this question in the distribution of the proceeds of sale. The court below erroneously adjudged her not entitled, and therefore no part of the proceeds of sale was allotted to her. This court, in passing upon her rights on that appeal, did not, when deciding that she was entitled to dower, anticipate its effect on the rights of the purchasers.

Mrs. Boyd, although a married woman, had consented upon the record by an answer filed and sworn to, to take a part of the proceeds of the sale in lieu of her potential right, and the chancellor had by his judgment said, "If you are entitled at all, you shall have the money;" and his refusal to direct its payment was the subject of the appeal to this court. In order to present the claim more strongly to the chancellor, she alleged in the amended answer, filed in 1868, that she consented to the sale or filed the answer at the instance of the executor, etc.

It was simply error in the court not to enforce the agreement or give to Mrs. Boyd what she had agreed to take, and this error cannot affect the purchaser. If this were the first time the case had been to this court, and the chancellor had decided that, although her husband was dead, she was not entitled to dower by reason of a supposed lien the executor had upon the land, and directed its sale, the purchaser would hold, although the judgment might be reversed, because the chancellor had the jurisdiction to pass on the questions raised. Here the married woman voluntarily, or at the instance of others, appears in court and files an answer consenting to the sale on certain conditions. The sale is made, and we know of no rule of law or equity that would disturb the purchaser. The original record shows, too, that Mrs. Boyd was in good faith attempting after the sale to assert her right to the proceeds, and this was denied.

She was entitled out of the proceeds of sale to the value of her dower.

An amended answer and cross-petition has been filed in this case, still asserting this right.

The judgment below is *reversed* and cause remanded for further proceedings consistent with this opinion.

Judge Elliott not sitting.

*V. B. Young, W. H. Holt, William Lindsay, for appellants.*

*Reid & Stone, N. P. Reid, for appellee.*